IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN GUILLERMO PINEDA<br>Plaintiff<br><br>vs<br><br>LOPITO, ILEANA & HOWIE, INC.;<br>DIGITAL AUDIOVISUAL SERVICES, INC.;<br>CARLOS PEPE RODRIGUEZ, in his personal<br>capacity and as the representative of the<br>conjugal partnership constituted between<br>Jane Doe and himself; ABC INSURANCE<br>COMPANY<br><br>Defendants | CIVIL 06-1397CCC |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Disclosure and Production (**docket entry 18**) seeking certain information via answers to interrogatories and documents regarding plaintiff's replacement, Ms. Juliette Lanauze, at LI & H. The information and documents are requested not only from defendants LI & H and DAS, but also from what plaintiff refers to as "related companies" which are not parties to this case. Therefore, plaintiff shall request documents from these companies through the issuance of subpoenas pursuant to Rule 45(a)(2)(c), F.R.Civ.Pro.

Defendants' opposition, docket entry 19, raises only that the information and documents are confidential. Movants' authorized reply, docket entry 26, emphasizes that confidentiality does not bar disclosure and that the documents are necessary to develop his political discrimination claim.

Having considered the parties arguments and the case law cited, to wit: University of Pennsylvania v. E.E.O.C., 110 S.C. 577 (1990), Orbovich v. Macalester College, 119 F.R.D. 411 (D.Minn.1988), and Miles v. Boeing, Co., 154 F.R.D. 112, (E.D. Pa. 1994), (the latter ordered the contents of personnel files of plaintiff's replacement as clearly within the scope of Rule 26(b) yet limited by protective order). The Motion to Compel Disclosure and Production,

docket entry 18, is GRANTED.

      Accordingly, defendants LI&H and DAS shall answer interrogatory 18 of the First set of Interrogatories and shall produce the documents mentioned in requests 9, 10, and 11 of the Request for Production of Documents, but limited to the business relationship between Ms. Lanauze and defendants LI &H and DAS, no later than **May 16, 2007**. Since the information, though not privileged, is confidential, it shall be disclosed only to counsel and parties in this specific litigation and will be used strictly for the limited purpose of assisting counsel in this case, the same to be returned to defendants' counsel upon conclusion of the same.

      SO ORDERED.

      At San Juan, Puerto Rico, on April 25, 2007

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge