IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN GUILLERMO PINEDA<br><br>Plaintiff<br><br>vs<br><br>LOPITO, ILEANA & HOWIE, INC.; DIGITAL AUDIOVISUAL SERVICES, INC.; CARLOS PEPE RODRIGUEZ, in his personal capacity and as the representative of the conjugal partnership constituted between Jane Doe and himself; ABC INSURANCE COMPANY<br><br>Defendants | CIVIL 06-1397CCC |

## ORDER REGARDING MIXED MOTIVES INSTRUCTION

Among plaintiff's proposed jury instructions filed on July 30, 2009 (docket entry 153), is his instruction number 3 titled "Title VII Employment-Mixed Motive Instruction" which reads as follows:

> You have heard evidence that defendants' adverse employment action of which the plaintiff complained was motivated by the plaintiff's sex and national origin and also by other reasons. This case involves claims under Federal, as well as under Puerto Rico laws. Under Federal law, **if you find that the plaintiff's sex or national origin was a motivating factor in the defendants' decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendants' conduct was also motivated by other lawful reasons**. However, if you find that the defendants' decision was motivated by both discriminatory and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendants prove by a preponderance of the evidence that the defendants would have made the same decision even if the discriminatory reason had played no role in the employment decision.

(Emphasis ours.)

We must state at the outset that plaintiff did not pursue his Title VII action under a mixed motive claim pursuant to 42 U.S.C. §2000e-2(m) and is, therefore, not entitled to a mixed motive instruction. In reaching this conclusion, the Court has focused on the allegations of the complaint, the evidence presented by plaintiff during the trial in support of his Title VII discrimination claims based on national origin and sex, and the relevant provisions of Title VII, primarily its 1991 Amendments found at 42 U.S.C. §§2000e-2(m) and

CIVIL 06-1397CCC                              2

2000e-5(g)(2)(B).  In <u>Desert Palace Inc. v. Costa</u>, 123 S.Ct. 2148, 2151-2152 (2003), the Court addressed these particular provisions stating:

> In particular, §107 of the 1991 Act, which is at issue in this case, "respond[ed]" to <u>Price Waterhouse</u> by "setting forth standards applicable in 'mixed motive' cases" in two new statutory provisions. 511 U.S., at 251, 114 S.Ct. 1483.  The first establishes an alternative for proving that an "unlawful employment practice" has occurred:
>
> "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factor also motivated the practice."  42 U.S.C. §2000e-2(m).
>
> The second provides that, with respect to "a claim in which an individual proves a violation under section 2000e-2(m)," the employer has a limited affirmative defense that does not absolve it of liability, but restricts the remedies available to a plaintiff.  The available remedies include only declaratory relief, certain types of injunctive relief, and attorney's fees and costs. §2000e-5(g)(2)(B).  In order to avail itself of the affirmative defense, the employer must "demonstrat[e] that [it] would have taken the same action in the absence of the impermissible motivating factor." Ibid.
>
> Since the passage of the 1991 Act, the Courts of Appeals have divided over whether a plaintiff must prove by direct evidence that an impermissible consideration was a "motivating factor" in an adverse employment action. See 42 U.S.C. §2000e-2(m).

The Supreme Court further comments on the 1991 amendments to Title VII in <u>Gross v. FBL Financial Services, Inc.</u>, 129 S.Ct. 2343, 2352, n. 5 (2009), pointing out that:

> Congress not only explicitly added "motivating factor" liability to Title VII, see <u>supra</u>, at 2348 -2349, but it also partially abrogated <u>Price Waterhouse</u> 's holding by eliminating an employer's complete affirmative defense to "motivating factor" claims, see 42 U.S.C. §2000e-5(g)(2)(B).  If such "motivating factor" claims were already part of Title VII, the addition of §2000e-5(g)(2)(B) alone would have been sufficient.

At the time of the filing of his complaint, Mr. Pineda could have presented his Title VII sex and national origin discrimination claims either under section 2000e-2(a)(1) or under section 2000e-2(m).  The first one corresponds to a single motive theory and the second to a mixed motives theory of discrimination.  A mixed motives case is one where both legitimate and illegitimate reasons motivated the employer's decision, see <u>Desert Palace</u>, 123 S.Ct. at 2150; "when an employee alleges that he suffered an adverse employment action because

CIVIL 06-1397CCC                              3

of both permissible and impermissible considerations." Gross, 129 S.Ct. at 2347. As observed by the Court in Desert Palace, at p. 2151, the new statutory provision added in 1991 as section 2000e-2(m) establishes an alternative for proving an unlawful employment practice in a mixed-motives case. There are obvious textual differences between §2000e-2(m) and its companion provision, §2000e-5(g)(2)(B) and the pre-1991 Title VII provision found in section 2000e-2(a)(1) which provides in its relevant part that: "[i]t shall be an unlawful employment practice for an employer--(1) . . . to discharge any individual . . . **because of** such individual's race, color, religion, sex or national origin." (Emphasis ours.) Each of these statutory provisions must be read the way that Congress enacted them. "Because of" is the language used to signify the connection between the employment practice and the prohibited discrimination in section 2000e-2(a)(1),  while a "motivating factor" is the language used in section 2000e-2(m) to establish the link between the discriminatory action and the employment practice in a "mixed-motives" claim. If the claimant proves a violation of section 2000e-2(m), yet the employer is successful in his affirmative defense that he would have taken the same action in the absence of the impermissible motivating factor, then, although not absolved of liability under §2000e-2(m), pursuant to §2000e-5(g)(2)(B) claimant is not entitled to damages or any order requiring reinstatement, promotion or payment but only to declaratory relief, certain injunctive relief and costs and attorney's fees directly related to his section 2000e-2(m) claim. In sum, 42 U.S.C. §2000e-2(a)(1) and section 2000e(2)(m) are distinct statutory provisions with different standards of proof. The "because of" language of section 2000e-2(a)(1) refers to termination or discharge because of or on account of any of the modes of discrimination listed therein. If an employer discharges a person because of sex or because of national origin, that means that sex or national origin was the reason or cause for the employer's decision. It refers to sex or national origin as the sole basis for the employer's decision. In a "mixed-motives" case under section 2000e-2(m), which added the motivating factor language to Title VII, plaintiff can

CIVIL 06-1397CCC                               4

prove the employer liable, even though other factors besides the discrimination motivated the employer's decision, if the discrimination factor was a "motivating factor." Although a motivating factor is a less exacting causation standard than the "because of" single factor applied in section 2000e-2(a)(1), if his employer is successful in the §2000e-5(g)(2)B) defense, then plaintiff gets a limited remedy.

The bottom line is that since the single motive/mixed motives claims are based on two separate independent statutory provisions, plaintiff must choose between one or the other. He cannot, at the final stage of the trial, request a mixed-motives instruction when he has presented his Title VII case to the jury as a single-motive claim under section 2000e-2(a)(1). The First Circuit points this out in Sher v. U.S. Department of Veteran Affairs, 488 F.3d 489, 508 n. 22 (1st Cir. 2007). Although Sher involved a motion for summary judgment, the Court statement on choice of theory and waiver is applicable to this case. The Court noted that:

> Sher could have presented a mixed motive theory of discrimination rather than the single motive theory he has presented. In a mixed motive case, the plaintiff would only have to establish that national origin or religious discrimination was a motivating factor in the analysis, rather than the sole basis for the decision. [Citation omitted.] However, Sher has not pursued a mixed motive theory. Before the district court he proceeded under a single motive theory, permitting us to conclude that he must raise a genuine issue of material fact with respect to each of the VA's proffered legitimate nondiscriminatory reasons. Sher may have had good reasons for taking the approach he has chosen-for example, the remedies he would receive under the mixed motive approach would be more limited if the VA successfully asserted, as an affirmative defense, that it would have made the same decision even in the absence of the impermissible motivating factor. See, e.g., Weston-Smith v. Cooley Dickinson Hosp., Inc., 282 F.3d 60 (1st Cir.2002). However, Sher's failure to assert a mixed motive claim before the district court amounts to a waiver of the claim.

The allegations of the complaint and, primarily, plaintiff's trial evidence, clearly define his Title VII discrimination claim as a single motive case under section 2000e-2(a)(1) in which Mr. Pineda contends that his discharge was wholly motivated under Title VII because of his sex or national origin. His evidence was predominantly aimed at establishing that the poor performance defense is a sham or pretextual reason. Mr. Pineda testified on the basic elements of his prima facie case regarding the discrimination based on his gender and

CIVIL 06-1397CCC                                  5

national origin.  His remaining witnesses were all corporate officers of his employer, Digital Audiovisual Services, Inc. (DAS).  His direct examination of these witnesses was aimed at establishing that the deficient performance claimed by his employer as the reason for his termination was a sham or pretext.  Clearly, this claim falls outside a section 2000e-2(m) mixed motive claim which contemplates that the plaintiff demonstrates that race, color, religion, sex or national origin was a motivating factor for the unlawful employment practice, even though other factors also motivated the practice.  Since Mr. Pineda presented his discrimination claim under the single motive basis for the employer's decision, there is no rational basis for giving the jury an instruction based on a mixed motive theory.  Additionally, at this advanced stage of the proceedings, having failed to proceed on a mixed motive claim in his presentation of evidence before the jury, he has waived such a claim.

Finally, the Court must address plaintiff's proposed instruction number 2 which cites as the basis of his Title VII claim section 2000e-2(a)(1), which bases the discharge only on his being Colombian and male.  Paragraph 2 of this instruction, however, uses the language of a section 2000e-2(m) mixed motive claim, specifically, that his sex and national origin was a motivating factor in the employment practice even though other factors may have also motivated the practice.  The instruction goes on to define a "motivating factor" as "a factor that played **some part** in defendant's employment practice decision."  (Emphasis ours.) This is an incorrect wording that will only confuse the jury for it incorporates the text of the mixed motive statutory provision into the instruction corresponding to the single motive provision of Title VII.  Accordingly, instruction number 2 is DENIED as worded and will be rephrased so that it correctly instructs the jury on the essential elements of his section 2000e-2(a)(1) claim.  This being a circumstantial element case, the instruction will refer to the traditional legal framework of the elements of his prima facie case, the non-discriminatory

CIVIL 06-1397CCC                                6

reason(s) advanced by defendant for his decision and plaintiff's evidence rejecting the same as a sham.

    SO ORDERED.

    At San Juan, Puerto Rico, on September 1, 2009.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge